UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BARRY MUKAMAL,

    Plaintiff,

v.

COLUMBUS LIFE INSURANCE
COMPANY,

    Defendant.

Case No. 1:23-cv-122
JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

Plaintiff Barry Mukamal as trustee of the Mutual Benefits Keep Policy Trust (collectively, the Trust) sued Defendant Columbus Life Insurance Co. (Columbus) for breach of contract and declaratory relief arising out of Columbus's failure to pay the Trust the entire value of the life insurance policy for which it was the sole beneficiary. (Compl., Doc. 1). Shortly thereafter, Columbus moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) contending that the Trust's claims were barred by the applicable statute of limitations. (Doc. 4, #44). Columbus specifically argues that California's four-year statute of limitations for breach-of-contract claims applies here and that the Complaint was filed outside that time frame. (*Id.*). The Trust counters that correctly applying the applicable conflict-of-laws rule to the case at bar reveals that *Ohio's* six-year statute of limitations applies and that the Complaint was therefore timely. (Opp'n, Doc. 8, #95).

For the reasons discussed below, the Court agrees with the Trust. Accordingly, the Court **DENIES** Columbus's Motion to Dismiss (Doc. 4).

## BACKGROUND

According to the allegations in the Complaint, James Croft took out a $3 million life insurance policy with Columbus in 1998. (Doc. 1 ¶¶ 8–9, #2). That policy moved through many hands before Croft's death. (*Id.* ¶¶ 10–30, #3–5). While the policy was leapfrogging from beneficiary to beneficiary, one of them "collaterally assign[ed]" an interest in the policy to an entity named Cannella Response Television, Inc. (Cannella). (*Id.* ¶¶ 13–15, #3). Columbus kept a record of this assignment. (*Id.* ¶¶ 16–18, #3). Shortly after the assignment was made, Cannella "released its interest on the Croft Policy" for its receipt of payment by the assignor.[1] (*Id.* ¶¶ 19–20, #4). Allegedly, a Columbus representative acknowledged this release via a signed "individual verification of coverage" form. (*Id.* ¶ 24, #4). The policy ultimately landed in the lap of the Trust in 2011. (*Id.* ¶ 29, #5). The Trust's beneficiary status was recorded, and the form did not reflect the existence of any contingent beneficiary who would be entitled to any proceeds from the policy when it came due and owing. (*Id.* ¶ 31, #5).

Subsequently, James Croft passed away. The Trust notified Columbus of his death in March 2018. (*Id.* ¶ 32, #5). Relying on its internal record keeping, Columbus

---

[1] The Complaint does not clearly articulate why the policy was assigned but then released soon after. The Complaint first alleges that the assignment to Cannella was pursuant to "a settlement agreement." (Doc. 1 ¶ 15, #3). But it also alleges that a payment of "$111,316.99" in specie constituted "satisfaction of the settlement" thereby prompting Cannella to "release[] its interest on the Croft Policy." (*Id.* ¶¶ 19–20, #4). The Court presumes that these two allegations mean that a settlement agreement was consummated with the policy offered as security until the assignor paid the value of the settlement. Once the settlement agreement was satisfied, Cannella no longer needed the security of its assignment interest in the policy and therefore extinguished that interest.

asserted that Cannella retained an assignment interest in the policy and that no records existed confirming the assignment's release. (*Id.* ¶ 33, #5). Despite the Trust's objection suggesting that Cannella's interest had been extinguished, Columbus did not relent. (*Id.* ¶¶ 34–36, #6). Instead, in September 2018, Columbus made only a partial payment to the Trust and remitted $171,500 to Cannella for the assignment interest Columbus deemed still in force. (*Id.* ¶¶ 35–36, #6).

Because the Trust believes it, as the only alleged beneficiary at the time of Croft's death, is owed the $171,500 that Columbus paid Cannella, it sued Columbus for breach of contract on March 1, 2023. (*See id.*). Beyond claiming compensatory damages and costs and fees, the Trust also requests entry of a judgment declaring that Columbus breached the policy. (*Id.* at #7). Following its waiver of service, Columbus moved to dismiss the Complaint. (Doc. 4). Columbus's only argument in its motion is that the claim is time barred—it says that California law governs on the statute-of-limitations issue, that the breach-of-contract claim was filed outside the four-year statute of limitations that California law provides, and that the declaratory relief claim premised on the breach-of-contract issue must fail with it. (*Id.* at #44). The Trust responded arguing that the cause was timely filed because Ohio's six-year statute of limitations for breach-of-contract claims controls. (Doc. 8, #95). It contended that Columbus's argument necessarily failed because Columbus relied on choice-of-law principles that govern *substantive* rules, rather than those that apply to *procedural* rules, such as statutes of limitations, as set forth in the 1971 version of the Restatement (Second) of Conflict of Laws that Ohio courts purportedly have

3

adopted. (Doc. 8, #97–101). Columbus replied continuing to insist that California's statute of limitations applies here. (Doc. 11). But it shifted gears arguing that this was so based on a procedural rule set forth in more recent *1988 version* of the Restatement (not the 1971 version the Trust had cited in its response), which Columbus claims is the version that Ohio courts have more recently adopted. (*Id.* at #114–17).

The matter is ripe for the Court's review.

## LEGAL STANDARDS

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a "complaint must present sufficient facts to 'state a claim to relief that is plausible on its face.'" *Robbins v. New Cingular Wireless PCS, LLC*, 854 F.3d 315, 319 (6th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In assessing plausibility, the Court "construe[s] the complaint in the light most favorable to the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (cleaned up). But while well-pleaded allegations are accepted as true, they are just that—allegations.

Dismissals based on affirmative defenses, like the statute of limitations, Fed. R. Civ. P. 8(c)(1), involve an added wrinkle. This follows from the fact that "a plaintiff generally need not plead the lack of affirmative defenses to state a valid claim." *Cataldo v. U.S. Steel. Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). So "a motion under

4

Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations." *Id.* That said, dismissal for failure to state a claim because the claims are time-barred is proper when "it is apparent from the face of the complaint that the time limit for bringing the claims has passed." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008) (cleaned up).

## ANALYSIS

Columbus's motion raises a singular question for the Court's review—which statute of limitations applies, California's or Ohio's? This matters because under California law, breach-of-contract claims generally must be brought within four years of the accrual of the cause of action. Cal. Civ. Proc. Code § 337. In contrast, under Ohio law, the applicable statute of limitations generally expires six years after the breach-of-contract claim accrues. Ohio Rev. Code § 2305.06. Regardless which state's law applies, the accrual date is the moment when the breach is complete and the counterparty is injured. *Aryeh v. Canon Bus. Sols., Inc.*, 292 P.3d 871, 875 (Cal. 2013); *Kincaid v. Erie Ins. Co.*, 944 N.E.2d 207, 210 (Ohio 2010). And according to the well-pleaded allegations in the Complaint, the Trust's breach-of-contract claim accrued in September 2018—the only date found in the Complaint that clearly demarks when Columbus officially refused to perform under its alleged obligation to pay the *entirety* of the policy's value to the Trust.[2] (Doc. 1 ¶¶ 35–36, #6). Under California law, the

---

[2] Though Columbus implies that the claim accrued when Croft died, (Doc. 4, #52–53)—a date not included in the Complaint—Columbus's refusal to perform its contract obligation by withholding funds the Trust claims it was owed did not occur until September 2018. And

5

statute of limitations period would have expired in September 2022. In contrast, under Ohio law, the statute of limitations period, which extends until September 2024, has yet to run.[3] Because the Complaint was filed in March 2023, whether California or Ohio statute of limitations applies determines whether the Trust's breach-of-contract claim was timely filed.

So this case presents a classic conflict-of-laws problem. "It is well-established that federal courts sitting in diversity must apply the choice-of-law rules of the forum state." *Cole v. Mileti*, 133 F.3d 433, 437 (6th Cir. 1998). That is Ohio here. So what is the applicable choice-of-law rule that Ohio has adopted regarding conflicting statutes

---

under any applicable contract law, the time of injury occasioned by Columbus's refusal is the date of accrual. So the Court declines to wade into the dispute about whether it should take judicial notice of the death certificate (Doc. 4-2) that Columbus appended to its motion. (*Compare* Doc. 4, #46 n.4, *with* Doc. 8, #105).

[3] Ohio's borrowing statute, Ohio Rev. Code § 2305.03(B), directs Ohio courts "to 'borrow' the limitation period of another state if … that [foreign] state's limitation period is shorter than … [Ohio's] limitation period." *Taylor v. First Resol. Inv. Corp.*, 72 N.E.3d 573, 585 (Ohio 2016). But this provision is inapposite. The applicable version of the borrowing statute, which was amended in 2021 and applies retroactively to the breach-of-contract claim at bar, applies only to tort claims, not civil claims generally. Ohio S.B. 13, 134th Gen. Assembly, 2021 Ohio Laws File 1 (effective June 16, 2021) (narrowing the borrowing statute's applicability from all "civil" actions to only "tort" actions). Although the Ohio Constitution prohibits retroactive laws that "act to impair vested rights," *State v. LaSalle*, 772 N.E.2d 1172, 1174–75 (Ohio 2002) (citing Ohio Const. art. II, § 28), only "fully matured statute of limitations defenses [constitute] vested rights protected by Article II, Section 28 of the Ohio Constitution," *Pac. Life Ins. Co. v. U.S. Bank Nat'l Ass'n*, 636 F. Supp. 3d 366, 394 n.17 (S.D.N.Y. 2022) (citing *O'Stricker v. Jim Walter Corp.*, 447 N.E.2d 727, 729 (Ohio 1983)). Were the Court to apply the pre-2021 version of the borrowing statute and import California's four-year statute of limitations, Columbus's time-bar defense would not have matured and thereby become a vested right until September 2022—well after the 2021 retroactive amendment to the Ohio borrowing statute went into effect. As a result, the post-2021 version of the borrowing statute governs. *O'Stricker*, 447 N.E.2d at 729 (explaining that a retroactive change affecting the governing statute of limitations applies to "existing causes of action, provided such change is made before the cause of action is extinguished under the pre-existing statute of limitations" (citation omitted)). And under the recent amendment, Ohio courts do not borrow shorter foreign statutes of limitation for contract claims. Ohio Rev. Code § 2305.03(B).

6

of limitation? The Ohio Supreme Court has generally adopted the Restatement (Second) of Conflict of Laws to resolve conflict-of-laws issues. *Lewis v. Steinreich*, 652 N.E.2d 981, 984 (Ohio 1995). And the specific portion of the Restatement governing conflicting statute of limitations is § 142.[4] *Dudek v. Thomas & Thomas Att'ys & Couns. At Law, LLC*, 702 F. Supp. 2d 826, 834 (N.D. Ohio 2010). But the question then becomes what version applies—the 1971 or 1988 version of § 142? This decision matters because the two versions set forth different tests to apply. The 1971 version of § 142 "requires Ohio courts to apply Ohio's statute of limitations to breach of contract actions brought in Ohio, even if the action would be time-barred in another state." *Cole*, 133 F.3d at 437. The 1988 version, by contrast, requires application of Ohio's statute of limitations unless the "maintenance of the claim would serve no substantial interest of the forum" and "the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence." *Curl v. Greenlee Textron, Inc.*, 404 F. Supp. 2d 1001, 1011–12 (S.D. Ohio 2005) (quoting Restatement (Second) of Conflict of Laws § 142 (1988)).

A review of state court decisions reveals that Ohio courts have consistently applied the 1971 version of § 142. *E.g.*, *Paramount Farms Int'l, LLC v. Ventilex B.V.*, 2014-Ohio-986, ¶ 10 (12th Dist.); *Matrix Acquisitions, LLC v. Hooks*, 2011-Ohio-3033, ¶¶13–15 (5th Dist.); *Unifund CCR Partners Assignee of Palisades Collection, LLC v. Childs*, 2010-Ohio-746, ¶¶ 15–16 (2nd Dist.); *see generally Taylor v. First Resol. Inv. Corp.*, 72 N.E.3d 573, 608 n.3 (Ohio 2016) (O'Connor, C.J., dissenting) (reaching a

---

[4] Although it first cited a different portion of the Restatement, (Doc. 4, #48–49), Columbus acknowledged in its Reply that § 142 is the relevant applicable provision. (Doc. 11, #114).

7

conflict-of-laws issue not analyzed by the majority and concluding that "the 1971 version of Section 142 is applicable" because Ohio "courts … have declined to adopt the revised [1988] version"). So "[d]espite th[e] [1988] revision, Ohio courts continue to apply the original version of § 142," *Dudek*, 702 F. Supp. 2d at 834 n.8, and this Court must follow this consistent practice and do so as well. *Kurczi v. Eli Lilly & Co.*, 113 F.3d 1426, 1429 (6th Cir. 1997) (explaining that when the highest state court has not spoken to a particular issue, federal courts sitting in diversity should treat intermediate appellate decisions as authoritative absent a strong showing to the contrary). Under the 1971 version of § 142, this Court must "apply Ohio's statute of limitations to [this] breach of contract action[] … even [though] the action would be time-barred in [California]." *Cole*, 133 F.3d at 437. As noted above, Ohio's statute of limitations is six years from the date of accrual, Ohio Rev. Code § 2305.06, which means the Trust was required to bring suit by September 2024. Having done so, the Trust's breach-of-contract claim is timely.

Columbus resists this conclusion by claiming "the updated 1988 version applies here" with a citation to *Curl v. Greenlee Textron, Inc.* (Doc. 11, #114–15 (citing 404 F. Supp. 2d at 1011)). But Columbus fails to cite a single *state court* case applying the 1988 version of § 142. That is fatal to Columbus's argument, especially given the wealth of caselaw cited above applying the 1971 version. *Curl* acknowledged that Ohio courts have consistently applied the 1971 version despite the 1988 revision, but it ignored this precedent and proceeded to apply the 1988 version anyway based on policy arguments. 404 F. Supp. 2d at 1010–11 (choosing to apply the 1988 version of

§ 142 because of the prevailing trend in *federal* court decisions applying foreign states' choice-of-law rules and the *Curl* court's perception that "Ohio's long-term commitment to the RESTATEMENT'S functional analysis" would translate into the adoption of the revised 1988 version of § 142). But this is contrary to a federal court's responsibility sitting in diversity: this Court cannot eschew *Ohio state courts' consistent practice* of applying the 1971 version of § 142 in favor of potential policy reasons to adopt the more functional approach of the 1988 revision. *Kurczi*, 113 F.3d at 1429; *Lexington Ins. Co. v. Rugg & Knopp, Inc.*, 165 F.3d 1087, 1093 (7th Cir. 1999) ("Lacking any inherent power to make state law such as a state court might have, … a federal court must be careful to avoid the temptation to impose upon a state what it, or other jurisdictions, might consider to be wise policy."). For that reason, the Court declines to follow *Curl* and rejects out of hand Columbus's policy arguments for application of the functional approach embodied in the 1988 version of § 142. (Doc. 11, #115–17 (citing a "disapproval of forum shopping" and the Ohio Supreme Court's adoption of the functional "most significant relationship" test for conflicts of *substantive* law as reasons to ignore the consistent Ohio state court practice)).

Though the Supreme Court of Ohio has not spoken, intermediate appellate courts in Ohio have done so—and with one voice: they have found that the (admittedly rigid) 1971 version of § 142 applies to conflicts of laws involving statutes of limitations. And under that version of § 142, the Trust's breach-of-contract claim was timely. Finally, because Columbus's only reason for dismissing the Trust's nominally styled "declaratory judgment" claim depends on the Court's finding its breach-of-

9

contract claim time-barred, (Doc. 4, #53–54; Doc. 11, #122), the Court will not dismiss the declaratory judgment count in the Complaint. Accordingly, the Complaint was timely filed, and Columbus's motion lacks merit and will be denied.

## CONCLUSION

As explained above, the Court finds that under Ohio conflict-of-law principles, the Trust's Complaint is governed by Ohio's six-year statute of limitations for breach-of-contract actions. Under that statute of limitations, the Complaint was timely filed. As a result, the Court **DENIES** Columbus's Motion to Dismiss (Doc. 4).

**SO ORDERED.**

January 12, 2024
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**